**Harry D. WEEKS, Plaintiff,**

v.

**SAMSUNG HEAVY INDUSTRIES CO., LTD., et al., Defendant.**

No. 93 C 4899.

United States District Court,
N.D. Illinois,
Eastern Division.

July 12, 1996.

Michael L. Flynn, Michael L. Flynn, P.C., Downers Grove, IL, Torquil Roger Olson, Torquil R. Olson, P.C., Hinsdale, IL, for Harry D. Weeks.

Peter J. Mone, Andrew John Boling, Nam H. Paik, William Lynch Schaller, Baker & McKenzie, Chicago, IL, for Samsung Heavy Industries Co., Ltd., Samsung Construction Equipment Co.

Andrew John Boling, Nam H. Paik, William Lynch Schaller, Baker & McKenzie, Chicago, IL, for Samsung America, Inc., Samsung Shipbuilding & Heavy Industries Co., Ltd.

*MEMORANDUM OPINION AND ORDER*

BUCKLO, District Judge.

On March 18, 1996, plaintiff, Harry D. Weeks, filed his second amended complaint ("complaint") against defendants, Samsung Heavy Industries Co., Ltd., Samsung America, Inc., Samsung Shipbuilding & Heavy Industries Co., Ltd., and Samsung Construction Equipment Co. Mr. Weeks' six count complaint essentially arises out of his claim that in January, 1992, defendants demoted him from his position as the Sales Manager for North America by reassigning his responsibilities to Sung Ho Lee, a Korean citizen. Mr. Weeks further claims that defendants subsequently constructively discharged him from his employment. Defendants have filed a motion for summary judgment. For the reasons discussed below, the motion is granted.

In counts I and II of his complaint, Mr. Weeks claims that defendants discriminated against him on the basis of race and national origin in violation of Title VII by reassigning his duties to Mr. Lee. Defendants argue that counts I and II are barred by the Treaty of Friendship, Commerce and Navigation between the United States and Korea ("Treaty"). Article VIII(1) of the Treaty authorizes "companies of either Party [*i.e.* the U.S. and Korea] to engage, within the territories of the other Party ... executive personnel ... of their choice." Thus the Treaty permits defendants to favor Korean citizens, such as Mr. Lee, over American citizens, such as Mr. Weeks. *See Fortino v.*

*Quasar Co.,* 950 F.2d 389, 393 (7th Cir.1991); *MacNamara v. Korean Air Lines,* 863 F.2d 1135, 1146, 1147 (3rd Cir.1988), *cert. denied,* 493 U.S. 944, 110 S.Ct. 349, 107 L.Ed.2d 337 (1989). The Treaty does not conflict with Title VII, which forbids discrimination on the basis of race or national origin but does not prohibit discrimination on the basis of citizenship. *Fortino,* 950 F.2d at 392.

Mr. Weeks contends that I cannot find as a matter of law that the Treaty applies because there is a material dispute of fact as to whether Mr. Lee was an executive. I disagree. It is undisputed that Mr. Lee entered and remained in the U.S. on an E–1 visa, "which is granted exclusively to foreign employees who perform duties of a supervisory or executive character." *MacNamara,* 863 F.2d at 1141–42. *See also Fortino,* 950 F.2d at 392. This fact is "strong evidence" of Mr. Lee's executive status. *See MacNamara,* 863 F.2d at 1142. Moreover, it is *Mr. Weeks's* contention that Mr. Lee replaced him as the national sales manager, which certainly is an executive position. *See id.* (finding that sales manager for region from Pennsylvania to Florida was an executive for purposes of Article VIII(1)). The evidence that Mr. Weeks sets forth addressing Mr. Lee's background and defendants' reason for transferring Mr. Lee is not sufficient to create a question of fact as to the relevant inquiry of whether Mr. Lee's responsibilities after the reorganization were "executive." *See id.* Accordingly, on the record before me, I conclude that Mr. Lee is "executive personnel."

Mr. Weeks next argues that defendants discriminated not merely on the basis of citizenship, but also on the grounds of race and national origin. He maintains that defendants favored American citizens of Korean origin over American citizens of non-Korean origin. In support of this argument Mr. Weeks provides only the affidavit of John Krett. In this affidavit, Mr. Krett declares that Korean–American employees were treated more favorably than non–Korean–American employees and then proceeds to list examples. Mr. Krett neither identifies

these employees nor shows that he has personal knowledge of defendants' treatment of these employees. Mr. Krett's statements in his affidavit are conclusory and therefore cannot create an issue of fact. *See Sample v. Aldi Inc.,* 61 F.3d 544, 549 (7th Cir.1995); *Russell v. Acme–Evans Co.,* 51 F.3d 64, 69 (7th Cir.1995). Mr. Weeks has no more ammunition against the Treaty. Accordingly, defendants are entitled to summary judgment on Mr. Weeks' Title VII claims in counts I and II.

In Count III of his complaint, Mr. Weeks alleges that defendants violated Title VII by constructively discharging him in retaliation for filing a charge with the EEOC. An employer constructively discharges its employee "when it makes the working conditions so intolerable that the employee is forced to resign." *Davis v. University of Chicago Hospitals,* No. 93 ·C 5324, 1996 WL 66120, *2 (N.D.Ill. Feb. 12, 1996). The parties agree that all that could support Mr. Weeks' claim of retaliatory discharge are various reprimands that he received. Two of the reprimands to which Mr. Weeks refers, however, took place on February 6, 1992 and February 10, 1992. Because it is undisputed that defendants did not know of Mr. Weeks' EEOC charge until February 12, 1992 at the earliest, defendants could not have issued these reprimands in retaliation for Mr. Weeks filing the charge. Therefore, these reprimands are not relevant to plaintiff's retaliatory discharge cause of action.

Thus Mr. Weeks is left with only two reprimands, occurring on February 28, 1992 and March 9, 1992, to support his claim. The February 28, 1992 reprimand addressed Mr. Weeks' failure to maintain regular business hours. Noteably, it is undisputed that Mr. Weeks admitted that he had been working shorter hours than he typically did. In the March 9, 1992 reprimand, defendants instructed Mr. Weeks not to disparage or discredit them when relating to dealers. These reprimands cannot show that Mr. Weeks' working conditions were so onerous that he was forced to resign. *See Harriston v. Chicago Tribune Co.,* 992 F.2d 697, 705 (7th Cir.1993); *Davis,* 1996 WL 66120 at *3. Ac-

cordingly, defendants' motion for summary judgment on count III is granted.

Mr. Weeks also alleges causes of action for "breach of verbal hiring promise" (count IV) and promissory estoppel (count V). In his brief, Mr. Weeks asserts that he lacks the discovery necessary to respond to defendants' contention that they are entitled to summary judgment on these counts. Discovery is, however, closed. Count IV is essentially a cause of action for breach of an oral contract. An unwritten employment arrangement, however, would be presumed at-will unless Mr. Weeks proves that defendants "made 'clear and definite' oral promises as to the terms and duration of his employment." *Eastman v. Chicago, Central & Pacific Railroad Co. (CC & P),* 930 F.2d 1173, 1177 (7th Cir.1991). It is undisputed that Mr. Weeks testified at his deposition that C.I. Kim did not guarantee him employment for any fixed duration. · It is also undisputed that C.I. Kim sent Mr. Weeks a letter, dated March 18, 1991, providing that Mr. Weeks' employment would be at-will. Mr. Weeks has failed to set forth specific facts showing that there is a genuine issue for trial. Defendants' motion for summary judgment on count IV is, accordingly, granted.

The alleged promises that Mr. Weeks lists in count IV serve as the basis for Mr. Weeks' promissory estoppel claim in count V. To recover on count V, Mr. Weeks must satisfy his burden of proving the elements of promissory estoppel. *See Quake Construction, Inc. v. American Airlines, Inc.,* 141 Ill.2d 281, 565 .N.E.2d 990, 1004, 152 Ill.Dec. 308, 322 (1990). Because Mr. Weeks has failed to point to any evidence establishing the elements that he would bear the burden of proving at trial, defendants are entitled to summary judgment on count V. *See Bell v. Purdue University,* 975 F.2d 422, 430 (7th Cir.1992).

In count VI, Mr. Weeks brings a claim for fraudulent misrepresentation. To prove such fraud, Mr. Weeks must show by clear and convincing evidence that defendants made a representation that is "a statement of material fact, rather than a mere promise or opinion" and that the representation is false. *LaScola v. US Sprint Commu-*

*nications,* 946 F.2d 559, 568 (7th Cir.1991). Mr. Weeks cannot do so. In section VII(a) of his response brief, Mr. Weeks argues that C.I. Kim's statement that the company had 11 dealers in North America was false because the company had only 5 financially viable dealerships. In support of his argument, Mr. Weeks cites to his own deposition testimony that defendants had 5 viable dealers. This testimony is insufficient to give rise to an issue of fact as to whether C.I. Kim's statement was a misrepresentation. *See Jugobanka d.d. New York Agency v. Unis International Corp.,* No. 93 C 1865, 1995 WL 3987, *4 (N.D.Ill. Jan. 5, 1995). The remaining statements that Mr. Weeks lists in section VII(a) also are not actionable, as they are merely promises or opinions instead of statements of material facts. *See LaScola,* 946 F.2d at 568. Section VII(b) of the response brief also does not show a misrepresentation. Mr. Weeks contends only that defendants demoted him in June, 1991 from national sales manager to sales manager and subsequently gave him a new job description indicating this fact. In section VII(c), Mr. Weeks asserts that defendants misrepresented to him that they were extending his probation period to provide him with travel benefits. Mr. Weeks provides no evidence, however, that defendants actually extended his probation period because, as he contends, they were upset with him in connection with the "Rental Pool Program." Sections VII(d), (e), and (f) fail to demonstrate a misrepresentation because Mr. Weeks neglects to cite to either a particular paragraph in his Rule 12(M) statement or specific evidence in support of his contentions. Accordingly, defendants' motion for summary judgment on count VI is granted.

### Conclusion

For the foregoing reasons, defendants' motion for summary judgment is granted.